action and to grant a new trial as to the second cause of action. The proof shows that plaintiff was regularly engaged in ordinary farm work. While he did other small jobs they were merely incidental to his regular employment. I believe he was a farm laborer within the meaning of the statute and the first cause of action should be dismissed. Hagarty, J., dissents and votes to affirm, being of opinion that upon the evidence the jury was justified in finding that the plaintiff was not a farm laborer within the meaning of section 3, subdivision 1, group 18, of the Workmen's Compensation Law. (*Matter of Adams* v. *Ross,* 230 App. Div. 216.)

ARVERNE-BY-THE-SEA COMPANY, Respondent-Appellant, v. HELEN M. AMERMAN and THE PEOPLE OF THE STATE OF NEW YORK, Defendants, and THE CITY OF NEW YORK, Appellant-Respondent. (Action No. 2.) — Action for the partition of real property at Arverne, Queens county, including land between high- and low-water mark. Interlocutory judgment on appeal by the city of New York reversed on the law and the facts, with costs, and the complaint dismissed, with costs, on authority of *Marba Sea Bay Corp.* v. *City of New York (post,* p. 764), decided herewith. In view of this decision, the appeal from the order denying plaintiff's motion for an extra allowance is dismissed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Scudder and Johnston, JJ., concur; Lazansky, P. J., concurs for the reasons stated in his concurring memorandum in *Marba Sea Bay Corp.* v. *City of New York (post,* p. 764), decided herewith. Young and Carswell, JJ., concur upon the second ground stated in *Marba Sea Bay Corp.* v. *City of New York (post,* p. 764), decided herewith. Settle order on notice.

BOARDWALK DEVELOPMENT CO., INC., Respondent-Appellant, v. JULY DEVELOPMENT CO., INC., and PEOPLE OF THE STATE OF NEW YORK, Defendants, and THE CITY OF NEW YORK, Appellant-Respondent. (Action No. 3.) — Action for the partition of real property at Arverne, Queens county, including land between high- and low-water mark. Interlocutory judgment on appeal by the city of New York reversed on the law and the facts, with costs, and the complaint dismissed, with costs, on authority of *Marba Sea Bay Corp.* v. *City of New York (post,* p. 764), decided herewith. In view of this decision, the appeal from the order denying plaintiff's motion for an extra allowance is dismissed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Scudder and Johnston, JJ., concur; Lazansky, P. J., concurs for the reasons stated in his concurring memorandum in *Marba Sea Bay Corp.* v. *City of New York (post,* p. 764), decided herewith. Young and Carswell, JJ., concur upon the second ground stated in *Marba Sea Bay Corp.* v. *City of New York (post,* p. 764), decided herewith. Settle order on notice.

FRANCES BOGAN, Respondent, v. TOWN OF RIVERHEAD, Appellant.—Action to recover damages for injuries sustained by reason of an alleged dangerous accumulation of snow and ice on a sidewalk in the town of Riverhead, which the town superintendent of highways failed to remove after due notice of its existence. Defendant town moved to dismiss the complaint upon the ground that a sidewalk is not a part of the highway within the meaning of section 74 of the Highway Law. The motion was denied. Order affirmed, with ten dollars costs and disbursements, with leave to answer within five days from the entry of the order herein. The court is of the opinion that a sidewalk duly maintained in a town by a town superintendent of highways is a part of the highway within section 74 of the Highway